**SUPPRESSED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No. /5-30092-DRH |
| vs. | ) | |
| | ) | Title 18, United States Code |
| LISA JORDEN and | ) | Sections 1347 and 2 **FILED** |
| SHELIA VICKERY | ) | |
| Defendants. | ) | |

**JUN 0 2 2015**

**INDICTMENT**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

**THE GRAND JURY CHARGES:**

1.      **LISA JORDEN** and **SHELIA VICKERY** defrauded the State of Illinois Medicaid

Home Services Program by falsely claiming and taking payments for personal assistant services not

actually performed.  The State of Illinois pays a personal assistant hourly wages for performance of

services for a qualified beneficiary.  The qualified beneficiary must have a written Employment

Agreement with the personal assistant and/or an Individual Provider Payment Policies form.  The

qualified beneficiary must have a Service Plan listing all services to be provided.  In order for the

personal assistant to receive payment from the State of Illinois, the beneficiary must submit a Home

Services Program Time Sheet form listing the hours worked by the personal assistant and signed by

both the beneficiary and personal assistant.

2.      The Home Services Program is a Medicaid Waiver Program designed to provide a

disabled individual who, with assistance in performing daily living activities in the home, would not

require similar care in a nursing home.  The Illinois Department of Human Services, Division of

Rehabilitation Services (DORS) administers the program.  Medicaid Waiver programs enable states to

use both state and federal Medicaid funds to pay for services related to medical care that would not ordinarily be covered under Medicaid.

3.      **JORDEN** completed an Employment Agreement between Customer "BC" and Personal Assistant.

4.      On or about January 26, 2012, **JORDEN** completed an Employment Agreement between Personal Assistant and Customer, "WR."

5.      From on or about February 14, 2013, until on or about August 15, 2014, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **JORDEN** submitted Home Service Time Sheets of which she falsely claimed hours of personal assistant services for customers "WR" and "BC" that were not performed on the dates and times as reported on the Home Services Time Sheet. **JORDEN** signed the time sheet under the following printed information:

> *I certify that the above information is true and in accordance with the Individual Provider Payment Policies (IL488-2252). I understand falsification of any information submitted on this form could lead to criminal prosecution.*

6.      As Power of Attorney for "WR," **VICKERY** aided and abetted the fraud by signing the Home Services Time Sheets from on or about February 14, 2013 until on or about August 15, 2014, while also fraudulently receiving a portion of the proceeds from the program funds.

7.      On or about January 2, 2013, **JORDEN** and "BC" signed a DHS Division of Rehabilitation Services (DORS) Individual Provider Payment Policies form (IL488-2252) acknowledging her understanding of DORS Home Services policies including:

- *Individual Providers cannot charge HSP for the same hours worked when working another job. This includes working for other HSP customers or as a childcare provider*

*paid through the Department of Human Services. This constitutes fraud and will be prosecuted as such.*

- *Individual Providers can only be paid for the hours they worked for the customer per the HSP Service Plan. Billing for hours not worked constitutes Medicaid fraud.*

- *Individual Providers can only be paid for hours and tasks performed in the customer's home unless the task must be completed outside the home such as laundry due to no facilities in the home, banking, and grocery shopping.*

- *Individual Providers are not allowed to subcontract. Subcontracting means letting someone else work in your place, putting the time on your time sheet and then paying them yourself. This is not only an illegal practice but also causes problems with Social Security withholding. Each Individual Provider will only be paid for services which he or she provided directly to the customer.*

8.     On or about January 16, 2013, **JORDEN** and on January 11, 2013, **VICKERY** (Power of Attorney for "WR") signed a DHS Division of Rehabilitation Services (DORS) Individual Provider Payment Policies form (IL488-2252) acknowledging her understanding of DORS Home Services policies including:

- *Individual Providers cannot charge HSP for the same hours worked when working another job. This includes working for other HSP customers or as a childcare provider paid through the Department of Human Services. This constitutes fraud and will be prosecuted as such.*

- *Individual Providers can only be paid for the hours they worked for the customer per the HSP Service Plan. Billing for hours not worked constitutes Medicaid fraud.*

3

- *Individual Providers can only be paid for hours and tasks performed in the customer's home unless the task must be completed outside the home such as laundry due to no facilities in the home, banking, and grocery shopping.*

- *Individual Providers are not allowed to subcontract. Subcontracting means letting someone else work in your place, putting the time on your time sheet and then paying them yourself. This is not only an illegal practice but also causes problems with Social Security withholding. Each Individual Provider will only be paid for services which he or she provided directly to the customer.*

## COUNT 1

### Health Care Fraud

9.     Paragraphs 1 through 8 are re-alleged and incorporated in Count 1.

10.     From on or about February 14, 2013, until on or about August 15, 2014, in Madison County, within the Southern District of Illinois,

### LISA JORDEN

aided and abetted by

### SHELIA VICKERY,

defendants, did knowingly and willfully execute a scheme to defraud a health care benefit program, affecting interstate commerce as defined in Title 18, United States Code, Section 24(b), namely Medicaid, in connection with the delivery of and payment for health care benefits and services by submitting time sheets and receiving payment for personal assistant services not performed, in violation of Title 18, United States Code, Section 1347.

4

**A TRUE BILL**

STEPHEN R. WIGGINTON
United States Attorney

MICHAEL  HALLOCK
Assistant United States Attorney

WILLIAM E. COONAN
Assistant United States Attorney


Recommended Bond:  $5,000 unsecured

5